[No. 15868.   Department One.—March 20, 1895.]

JAMES S. SHEARMAN, APPELLANT, v. PETER JORGENSEN ET AL., RESPONDENTS.

DEFAULT JUDGMENT—FAILURE TO ANSWER—MISTAKE OF ATTORNEY—SERVICE BY MAIL.—A judgment by default, rendered upon the failure of the defendant to answer within the time limited, after the attorney had been properly served by mail with a notice of the overruling of a demurrer to the complaint, should not be vacated merely on the ground of the mistake of the attorney in believing that such a service was unauthorized by law. If vacated on such ground, the order will be reversed on appeal.

ID.—RECEIPT OF NOTICE—PERSONAL SERVICE.—The receipt of a notice served by mail is legally equivalent to a personal service.

ID.—INADVERTENCE HOW ALLEGED.—A judgment by default cannot be set aside upon a mere abstract allegation of inadvertence of the attorney in serving or filing the answer. The reason for the inadvertence must be stated.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment by default.

The facts are stated in the opinion of the court.

*Brewton A. Hayne,* and *Duncan Hayne,* for Appellant.

*W. W. Davidson,* for Respondents.

GAROUTTE, J.—This is an appeal from an order setting aside a default judgment. It is only in exceptional cases that orders of that kind will be reversed by this court, but those exceptional cases do arise, and we pass to an examination of the record.

Defendants' demurrer to plaintiff's complaint was overruled, and ten days given to answer. Plaintiff's attorney, who resided in Alameda county, but had his law office in San Francisco, upon December 8, 1894, sent to defendants' attorney, W. W. Davidson, by mail, a notification of the decision of the court in overruling the demurrer, and further notifying him that he was given ten days to answer. No answer was subsequently filed, and upon January 6th following plaintiff took a judg-

ment by default. Laying aside without consideration
the affidavits of plaintiff introduced at the hearing of
the motion to set aside this default judgment, let us see,
if defendants' showing, standing alone, makes a case
for the granting of the motion. The defendants' affi-
davit sheds no light upon the issue involved, and we
are left to the affidavits of W. W. Davidson, defendants'
attorney, and E. C. Cordell, his clerk, to furnish mate-
rials sufficient to justify the making of the order by the
trial court. It is stated in the affidavit of Cordell that
Davidson received the letter sent by plaintiff's attorney
December 9, 1894, and his testimony is uncontradicted.
As an excuse for his laches in not filing his answer,
while admitting the receipt of the letter, defendants'
counsel says he did not know that plaintiff's attorney
was a resident of the county of Alameda; that his letter
of notification said nothing as to his residence; and
upon the receipt of the letter he examined the statutes
concerning the service of notice by mail, and found no
provision therein for serving a notice in the manner
thus attempted by counsel for plaintiff; that between
Christmas day and the first day of January affiant
Davidson prepared defendants' answer, and through in-
advertency upon his part said answer, as affiant learned
for the first time on the eleventh day of April, was never
served or filed; that affiant thought the said answer was
served and filed within three or four days of the first
day of January, 1894, but was mistaken. There are
other matters stated in the affidavits of Davidson and
his clerk, Cordell, but nothing which strengthens his
showing upon the hearing of the motion.

Defendants' counsel asks to have the judgment set
aside, as appears by the foregoing recitals taken from
the affidavits, upon the grounds: 1. That he did not
consider the notice of the overruling of the demurrer a
legal notice at the time it was received, and, in effect,
admits that he has since ascertained that he was mis-
taken as to the law; 2. He drafted an answer (long after
his time to answer had expired) which he thought had

been served and filed, but, through inadvertency upon his part, it had not been done. The causes for the inadvertency are not stated in the attorney's affidavit. Stripped of unimportant matters, these are the material facts disclosed by his affidavit, and we think they disclose a case barren of any merit, for mistake as to the law bearing upon the question of notice cannot be urged by him with any hope of success. Regardless of his lack of knowledge that plaintiff's attorney was a nonresident of the city and county of San Francisco, he admits that he received the notice through the post-office December 9th, and this in law amounted to a *personal service.* (*Heinlen* v. *Heilbron*, 94 Cal. 636.) Under these circumstances the attorney's plea of ignorance of the law as to the validity of the notice would be paralleled by a plea that he did not know that an answer to plaintiff's complaint was required to be served and filed.

The second ground relied upon to support the motion, to the effect that the attorney drafted an answer, but, through inadvertence, it was not served or filed, is wholly inadequate to meet the requirements of the statute. The reasons, and the causes, and the excuses for the inadvertence are the matters which concern the court, and these are not stated. Inadvertence in the abstract is no plea upon which to set aside a default. The court must be made acquainted with the reasons for the inadvertence; and, if satisfactory, will act upon them and relieve from burdens caused by them; but, if the inadvertence is wholly inexcusable, as if it arises from gross negligence, the court will not look upon it kindly, and will have none of it.

For the foregoing reasons the order appealed from is reversed, and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.