# HERMAN BRYANT, Jr., Appellant, v. BERT GIBBS, Respondent.

## No. 3694

May 6, 1952. 243 P.2d 1050.

*Jones, Wiener & Jones,* of Las Vegas, for Appellant.

*George E. Marshall,* of Las Vegas, for Respondent.

168

# OPINION

By the Court, EATHER, J.:

This is an action by respondent Bert Gibbs, against appellant Herman Bryant, Jr., for recovery of wages due upon termination of employment, together with penalties and counsel fees as allowed by statute.

The record in the case reveals that on October 2, 1951, the action was commenced and that on October 17, 1951, the summons in the action was served upon the defendant. On October 29, 1951, being the twelfth day after service of summons, default was entered against the defendant for his failure to appear in the action. On the day following the entry of the default the plaintiff was sworn and testified, and judgment was entered against the defendant.

On November 29, 1951, the defendant filed his motion in the lower court, asking for an order setting aside the default and the default judgment entered against him, upon the ground that his failure to appear was due to inadvertence and excusable neglect, and upon the further ground that he had a good and meritorious defense to the action. The motion was accompanied by an affidavit by the defendant setting out his reason for not appearing in said action prior to the entering of the default judgment by the court, as follows: "That said summons and complaint were inadvertently mislaid in affiant's home, and because of such inadvertence did not come to the attention of affiant until on or about the 3rd

day of November, 1951, when they were located and brought to affiant's notice by a member of his household."

The motion came on for hearing on December 12, 1951, at which time the defendant introduced in evidence the affidavit and proposed answer attached to his moving papers. The motion was denied and this appeal thereupon was taken.

The appeal is taken upon a single assignment of error—that the court erred in refusing to grant defendant's motion for an order setting aside the default judgment.

[Headnote 1]

The motion to set aside the default in the lower court was made pursuant to section 8640, N.C.L.1931–1941 Supp., reading in part as follows:

"The court may, in furtherance of justice, and on such terms as may be proper, enter an order or orders as follows: * * * (e) Relieving, upon motion supported by affidavit showing good cause therefor and after notice to the adverse party, a party or his legal representatives from a default, a judgment, an order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

The application was addressed to the sound legal discretion of the court.

"As repeatedly stated by this court, it is difficult to lay down any general rule for determining when a default should be opened. Each case must depend upon its own facts, and the lower court is necessarily vested with a wide discretion in passing upon these facts." Baumann v. Nevada Colony Corp., 44 Nev. 10, 18, 189 P. 245, 247.

Upon the affidavit before us, we cannot undertake to say that this discretion has been improperly exercised.

The law applicable to such motions has been clearly and succinctly stated in the case of Garner v. Erlanger, 86 Cal. 60, 63, 24 P. 805, 806:

"An order denying or granting a motion to set aside

a judgment by default, on the ground of mistake, inadvertence, surprise, or excusable neglect of the defaulting party, rests in the sound discretion of the court, and except in a plain case of abuse of this discretion, will not be disturbed by this court on appeal. Where the defaulting party discloses, in the case presented by him for an order to set aside such judgment, a degree of negligence, carelessness, and lack of diligence not to be predicated of a prudent business man in a matter of material concern to him, this court will not, on appeal disturb the order of the court below denying such application."

It has always been the policy of this court to treat such applications with liberality in the interests of securing consideration upon the merits. See Horton v. New Pass Co., 21 Nev. 184, 188, 199, 27 P. 1018. It has uniformly been recognized, however, that a showing must be made that the inadvertence or neglect was excusable. Harper v. Mallory, 4 Nev. 447. As was stated in Shearman v. Jorgensen, 106 Cal. 483, 39 P. 863, 864:

"Inadvertence in the abstract is no plea upon which to set aside a default. The court must be made acquainted with the reasons for the inadvertence, and, if satisfactory, will act upon them, and relieve from burdens caused by them." Also: Baratti v. Baratti (Cal. Dist.Ct. of Appeals, Div. 3, 2d Dist., 1952), 242 P.2d 22, 24.

In this case, while the affidavit of appellant as we have quoted it does show inadvertence and neglect, no showing whatever is made, upon the basis of which we may say that the trial court should have found that such inadvertence or neglect was in any degree excusable.

Appellant asserts that the situation here is aggravated by virtue of the fact that the judgment against him consists in greater part of penalties and counsel fees.

While these circumstances might well appeal to a trial court in determining its course "in furtherance of justice," they cannot affect our decision in the absence of any showing of excuse.

The order of the district court is affirmed with costs.

BADT, C. J., and MERRILL, J., concur.