NEVADA INDUSTRIAL GUARANTY CO., A NEVADA CORPORATION, APPELLANT, v. LINDA STURGEON, DBA THE MOTOR MART, RESPONDENT.

No. 4701

May 8, 1964                                         391 P.2d 862

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Carl F. Martillaro,* of Carson City, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Respondent caused a default judgment to be entered against appellant upon respondent's complaint for damages for breach of contract. The only question presented to this court is whether the court below abused its discretion in denying appellant's motion to set aside the default judgment.

Personal service was made on defendant May 7, 1963, by service on its resident agent, Howard Babcock, in Clark County, Nevada. Babcock, on that date, forwarded the summons and complaint to the appellant and informed it that it had 20 days within which to answer the complaint.[1] On May 28, one day after the expiration

---

[1] One Robert McSherry was named as an additional defendant in the complaint. The record does not disclose that he was ever served and he is not involved in the judgment entered against the corporate defendant, the appellant herein. He has no place in this appeal.

of such statutory period of 20 days for appearance, the appellant contacted Babcock and inquired as to the status of the action. Babcock informed the appellant that he had been under no instructions to act in the case on its behalf. However, he immediately telephoned Martillaro, counsel for respondent, and informed him that by reason of a federal court order entered May 7, 1963, approving appellant's petition for a Chapter X Reorganization, 11 U.S.C.A. § 548, the state court action was stayed. Babcock also asserts that he inquired of Martillaro as to the status of the action and that Martillaro indicated that no default had been taken and that respondent would prosecute her claim in the federal court action. This was denied by Martillaro, who stated that he had made no such representation and that the only matter that transpired over the telephone was Babcock's statement concerning the effect of the federal court order. Babcock wrote Martillaro a letter confirming their conversation. The letter was brief, and we quote it here:

"This will confirm our telephone conversation of this date, concerning the above matter, at which time I advised that on May 7, 1963 the United States District Court for the District of Nevada entered *it's* Order approving the petition of Nevada Industrial Guaranty Co. Enclosed please find thermofax copy of said Order.

"As you know, the entry of this Order stays all pending litigation affecting the debtor."

It is immediately apparent that the letter contained no mention of any representation by Martillaro that respondent would prosecute her claim in the federal court.

Although Babcock's affidavit stated that Martillaro had said on the phone on May 28 that nothing was on file with the exception of the complaint and summons and that no default had been taken, this is likewise flatly denied by Martillaro. Babcock says that he further advised Martillaro that he had been retained for the purpose of the Chapter X proceedings, and further that the defendant corporation had a branch office in Reno and retained counsel for certain purposes in the conduct of its business in the northern part of the state. Martillaro's affidavit states that Babcock "informed me that

he was the attorney for the defendants." Martillaro stated in his affidavit that he had made no representation that no default had been taken, nor that he would dismiss the state action and file his claim in the bankruptcy proceedings.

The corporation's default was entered May 28, 1963, and judgment was entered July 2, 1963, and notice of judgment served on Babcock August 5, 1963. On August 12, 1963, appellant moved to set aside the default judgment upon the grounds of "mistake, inadvertence, surprise and excusable neglect of counsel for said defendant as provided for in Rule 60(b)(1)" NRCP. It was supported by Babcock's affidavit as heretofore recited, and by submission on September 6, 1963 (the day the motion was heard), of an answer and cross-complaint. Martillaro, in addition to his affidavit, testified that the full extent of the conversation was Babcock's information that he was attorney for the defendants; that on May 7 he had received the summons and complaint and filed a petition in bankruptcy and advised that the entry of the May 7 order by the federal court stayed all state litigation affecting the debtor; that "there was no talk at all concerning the taking of a default or the non-taking of a default. He merely informed me he had filed the bankruptcy petition and under the law all proceedings were stayed. If he was under this impression I was not going to disenchant him, Your Honor." The court, in denying the motion, said: "Counsel delayed for over a month after entering the default before bringing the matter on for hearing. It was only after judgment and sometime after that, that either counsel or the defendant attempted to do something. In other words they just sat back and sweat it out until execution was issued. I don't think that is a mistake, inadvertence, surprise or excusable neglect. The motion to set aside the default judgment is denied."

In denying the motion to set aside the default judgment the trial court necessarily based this on implied factual determinations of the disputed facts as above recited. Such factual determinations would include the following: that Martillaro did not represent to Babcock that he, Martillaro, would prosecute plaintiff's claim in

the federal court proceedings; that Martillaro did not state that no default had been taken, nor did he imply that no default would be taken; that Babcock was not the attorney for the defendants in the instant case, but represented Nevada Industrial Guaranty Co. in the bankruptcy proceedings in the federal court.

These facts, in our opinion, distinguish the case of Hotel Last Frontier v. Frontier Properties, 79 Nev. 150, 380 P.2d 293, relied upon by appellant. In that case this court said:

"The record shows that defense counsel had prepared an answer to plaintiff's complaint but had withheld filing it because another case was pending between the same parties involving other provisions of the same lease and agreement, and discussions as to all matters in dispute had been carried on. Consequently counsel assumed that a default would not be taken."

Such situation is entirely absent from the present case. In Hotel Last Frontier we said: "The showing required by NRCP 60(b)(1), formerly NCL 8640, of mistake, inadvertence, surprise, or excusable neglect, singly, or in combination, must, of course, be made."

We must agree with the trial court's conclusion that no showing was made of mistake, inadvertence, surprise, or excusable neglect. There was neglect of the appellant but it was not excusable.

Appellant contends that the trial court abused its discretion in refusing to vacate the default judgment because appellant's attorney made an honest mistake of law, namely, Babcock's assumption that the federal court's order approving the petition of appellant in a Chapter X Bankruptcy Act Reorganization stayed all proceedings at law against appellant. Such order, however, stayed only proceedings to enforce liens against the debtor's property, bankruptcy and receivership proceedings, and mortgage foreclosures. 11 U.S.C.A. § 548. There are many instances in which courts have held that counsel's mistake of law, and particularly his failure to look up the law, was not considered excusable

neglect. Security Truck Line v. City of Monterey, 117 Cal.App.2d 441, 256 P.2d 366, 257 P.2d 755; A. & S. Air Conditioning v. John J. Moore Co., 184 Cal.App.2d 617, 7 Cal.Rptr. 592; Shearman v. Jorgenson, 106 Cal. 483, 39 P. 863. There was no abuse of discretion in the court's refusal to vacate the default on the ground of Babcock's failure to ascertain the legal effect of the federal court's order approving the reorganization petition. The trial court's order denying appellant's motion to set aside the default judgment is affirmed.

No costs are allowed.

MCNAMEE, J., concurs.

THOMPSON, J., concurring:

I concur, but wish specifically to direct attention to Canon 25 of the Canons of Professional Ethics. It reads in part: "A lawyer should not ignore known customs or practice of the Bar * * * even when the law permits, without giving timely notice to the opposing counsel."[1] It is the practice among members of the Nevada Bar for an attorney, who knows that a defaulting adverse party is represented by counsel in the pending case, to give notice of intention to have default entered. Twenty-one days after the defendant had been served with process, Mr. Martillaro was told (among other things) by Mr. Babcock that he (Babcock) had been engaged to represent the defendant. On that very day the defendant's default was entered without notice to Mr. Babcock. If the record on appeal could be read to show that Mr. Babcock relied upon the custom and practice referred to, I would not hesitate to find such reliance excusable. In such case, I would consider Hotel Last Frontier v. Frontier Properties, 79 Nev. 150, 380 P.2d 293, sufficiently on point to be controlling. However, the record before us does not show that Mr. Babcock failed to enter an appearance for the defendant because of an assumption that a default would not be entered without notice.

I do not suggest that Mr. Martillaro was obliged to

---

[1]The Canons were adopted by the Nevada State Bar Association (Rule 20, Rules of the Nevada State Bar), effective February 12, 1962, by order of the Supreme Court.

extend time for the defendant's appearance. I mean only that his plan to enter default should have been communicated to Mr. Babcock during the course of their telephone conversation on May 28. Mr. Martillaro's duty to his client did not preclude an honest statement of intention. On the other hand, silence may lead opposing counsel to rely upon an assumption that professional standards will be followed.