JOHN R. MORRIS, Appellant, v. ELIZABETH
KANE MORRIS, Respondent.

No. 5910

January 26, 1970                    464 P.2d 471

*Goldwater, Taber, Hill and Mortimer,* of Reno, for Appellant.

*Vargas, Bartlett & Dixon* and *Robert Marshall,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order of the district court granting the defendant's Rule 60(b) motion to set aside a default decree of divorce obtained by the plaintiff.[1] The motion was promptly made upon learning that a default judgment had been entered, was accompanied by an answer containing a meritorious defense and, by counterclaim, put in issue matters of property and support. The sole question is whether it was permissible for the

[1] Rule 60(b) in relevant part reads: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ."

district court to conclude that the defendant's failure to appear in time was due to the excusable neglect of her attorney. We do not hesitate to affirm the lower court's determination.

The defendant was served with process in the Kingdom of Belgium on January 3, 1969. A copy of the summons together with a copy of a power of attorney executed on January 9, 1969, was sent from Belgium to the Nevada law firm retained to represent the defendant. In accordance with the usual procedure of that firm a secretary noted on the calendar the last day to answer or otherwise plead. She mistakenly noted January 29, 1969, as that day, apparently using the day of the execution of the power of attorney from which to calculate time, rather than the date of service of summons. On January 28, defense counsel telephoned plaintiff's counsel that he would be filing an answer for the defendant, and was advised that the case had been heard and a decree entered four days earlier. On January 29, defense counsel moved to set aside the default judgment thus entered.

Through the years this court has decided many cases concerning default, and it is not useful to recount them here. Many are cited in the opinion of Hotel Last Frontier v. Frontier Properties, 79 Nev. 150, 380 P.2d 293 (1963). The underlying policy most frequently mentioned is that of encouraging trial upon the merits. Howe v. Coldren, 4 Nev. 171, (1868); Hotel Last Frontier v. Frontier Properties, supra; Blakeney v. Fremont Hotel, 77 Nev. 191, 360 P.2d 1039 (1961); Adams v. Lawson, 84 Nev. 687, 448 P.2d 695 (1968). We are reluctant to subvert that policy. There is nothing in the record of this case to suggest that we should overturn the trial court and preclude a trial upon the merits. The rights of third parties have not intervened. Surely, the intraoffice procedure of delegating to a trusted secretary the responsibility of calendaring cases is not per se neglect. In turn, her fault in discharging this task in this case is understandable. Blakeney v. Fremont Hotel, supra. Her conduct falls short of "inexcusable neglect," words which carry the implication of offensive action. The order below is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.