GEMINI, INC., A NEVADA CORPORATION, D.B.A. LADY LUCK CASINO, APPELLANT, v. MINNA FERTIL, RESPONDENT.

No. 8145

March 25, 1976

547 P.2d 687

*Cromer, Barker & Michaelson,* and *Corby D. Arnold,* of Las Vegas, for Appellant.

*Cochran, Lehman & Nelson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Minna Fertil filed this action after being injured in a fall at appellant's Lady Luck Casino in Las Vegas. Appellant failed to answer the complaint and a default judgment was taken.

A motion to set aside the judgment, timely brought under NRCP 60(b), contended that appellant's failure to answer was the result of inadvertence and/or excusable neglect.[1] The motion was denied, as was rehearing, and on this appeal it is contended that the refusal of the district court to set aside the judgment was an abuse of discretion. We do not agree.

The record establishes that the summons and complaint were delivered to appellant's insurance carrier by a local insurance agent shortly after service thereof upon the defendant. By affidavit, an employee of the insurance carrier outlined office policy and procedure for handling such documents. The procedure apparently was not followed, resulting in the unexplained loss or misplacement of the complaint.

This is not a case, as appellant suggests, where a defendant has been misled into believing a default would not be taken. Cf. Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970). Here, the summons and complaint simply disappeared with no

---

[1]NRCP 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

apparent explanation. Although it may be argued that inadvertence or neglect in the abstract has been shown, the reasons for such inadvertence or neglect are not presented. Consequently, we are unable to say that the trial court should have found such surmised inadvertence or neglect to be excusable. Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952).

Perceiving no abuse of discretion, we affirm.