ANGEL GALARDI AND JACK GALARDI, ALSO KNOWN AS JOHN GALARDI, APPELLANTS, v. JONCO COR- PORATION, A NEVADA CORPORATION, RESPONDENT.

No. 8189

March 31, 1976            547 P.2d 667

[Rehearing denied April 26, 1976]

*Allan D. Bray,* Las Vegas, for Appellants.

*Leavitt, Edwards & Leavitt,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this appeal appellants' only claim of error is that the district judge abused his discretion by refusing to set aside a default judgment.

The record establishes that on October 17, 1973, Jonco Corporation filed a complaint in unlawful detainer and secured

an order shortening the time in which the Galardis were required to answer to three days. After several futile attempts personal service was perfected on Angel and Jack Galardi at Terminal Island, California, July 9, 1974.

Jack Galardi communicated to his wife Shirley, in Las Vegas, (1) the pendency of the suit; (2) he and Angel Galardi had been served July 9, 1974; (3) there were only three days to answer; and, (4) the name of Jonco's attorney was "Leavitt". Mrs. Galardi gave this information to attorney Allan Bray July 11, 1974.

Bray instructed his secretary to (1) call all attorneys in the Las Vegas area named "Leavitt" and inquire whether they had filed suit against the Galardis *in the last few days;* and, (2) call the clerks of both the district and justice courts in Las Vegas to see whether a suit had *recently been filed against appellants herein.* Each query brought a negative response, and no further inquiry was directed to either the attorneys named "Leavitt" or to the respective clerks as to pending litigation.

Counsel made no attempt to contact the Galardis by telephone; instead, on Thursday, July 12, 1974, he dispatched Shirley Galardi to Terminal Island with instructions to obtain and bring back copies of the complaint and order shortening time. Shirley accomplished her mission and delivered the papers to the attorney July 16, 1974.

On July 19, 1974, seven days after the Galardis were required to answer, and three days after their attorney had received the suit papers, Jonco's counsel filed a default with the clerk and four days later, July 23, 1974, the judgment was rendered by the court.

According to the record, appellants' counsel did nothing further in the case until August 16, 1974, when he filed a motion to set aside the judgment.

In an affidavit in support of the motion, Galardis' attorney says he ". . . did not give too much attention to the Complaint on file herein because sometime prior to July 24, 1974, affiant talked to Elwin Leavitt, attorney for the Plaintiff in subject law suit, at the courthouse with reference to this matter . . ." Although an affidavit of respondent's counsel acknowledges that he did have a conversation with Bray, he states that Bray "lead me to believe that he represented a buyer who desired to buy the business." Bray never suggested that he represented the Galardis.

In support of the motion, which was brought under NRCP

60(b), it was argued that the failure to answer was the result of mistake, inadvertence, surprise or excusable neglect.[1]

In our view, this is not a case, as appellant suggests, where a defendant has been misled into believing a default would not be taken. Cf. Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970). Rather, the chronicled derelictions and dilatory actions, while accurately classified as inadvertence or neglect, are not such conduct which the district court must necessarily have found excusable. Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952). See also, Gemini, Inc. v. Fertil, 92 Nev. 183, 547 P.2d 687 (1976). Cf. Gottwals v. Rencher, 60 Nev. 35, 92 P.2d 1000 (1939), and its progeny.

Perceiving no abuse of discretion, we affirm.

---

[1]NRCP 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . ."