STANLEY PARSONS and NORMA J. PARSONS, Appellants, v. STARDUST GARDENS No. 1, aka Stardust Gardens Condominium Association, Respondent.

No. 10155

March 15, 1979                                    591 P.2d 1141

*Eck & Harkins, Ltd.,* and *Riley M. Beckett,* of Carson City, for Appellants.

*Jack A. Alian,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

On June 26, 1976, respondent obtained a default judgment against appellants. On March 23, 1977, that judgment was set aside at the appellants' request, and they were given twenty days within which to answer the complaint. Once again the appellants failed to respond and their default was entered. Thereafter, the court denied their motion to set aside the default, and granted respondent's motion for default judgment. It is now asserted that the district court abused its discretion when it refused to excuse the second dereliction of the appellants.

Though motions to set aside default judgments on grounds of inadvertence or excusable neglect are treated with liberality in the interests of securing a consideration upon the merits, some showing must be made that the inadvertence or neglect was excusable. Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952). Based upon the record before us, we are unable to conclude that the district court should necessarily have found appellants' conduct excusable. See Galardi v. Jonco Corporation, 92 Nev. 194, 547 P.2d 667 (1976); Gemini, Inc. v. Fertil, 92 Nev. 183, 547 P.2d 687 (1976).

Affirmed.