IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TREVOR POPE, AN INDIVIDUAL, Appellant, vs. JAMES FELLHAUER; AND SHARON FELLHAUER, HUSBAND AND WIFE, Respondents. | No. 81411 **FILED** JUL 09 2021 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____ DEPUTY CLERK |

*ORDER AFFIRMING IN PART,
REVERSING IN PART AND REMANDING*

This appeal challenges a default judgment in a tort action.[1] Eighth Judicial District Court, Clark County; James Crockett, Judge.

Appellant argues that the district court abused its discretion by denying his motion to set aside a default because he demonstrated "good cause" under NRCP 55(c). Reviewing for an abuse of discretion, *Landreth v. Malik*, 127 Nev. 175, 188, 251 P.3d 163, 171 (2011), we disagree. Appellant first argues that he demonstrated good cause by showing that respondents' counsel failed to determine his intent before requesting default as Nevada law requires. *See* RPC 3.5A (providing that a lawyer who knows the identity of opposing counsel "should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed"); NRCP 55(c) (providing that the district court may set aside an entry of default upon a showing of good cause). However, the record suggests that the district court clerk filed the entry of default as required under NRCP 55(a) because appellant failed to defend "and that fact [was] made to appear by affidavit or otherwise."

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

Because the clerk had an independent duty to file the entry of default we conclude that respondents did not "cause" the default to be entered such that RPC 3.5A applied.[2] Moreover, RPC 3.5A applies where a party is represented by counsel. Although the written order granting appellant's former counsel's motion to withdraw had not been entered, the district court had orally granted the motion and the record shows that all parties knew of that decision. As appellant's counsel had withdrawn, RPC 3.5A did not apply when the default was entered.

Additionally, we reject appellant's argument that his good faith belief that his interlocutory appeal regarding the denial of his anti-SLAPP motion to dismiss stayed all proceedings constituted good cause to set aside the default judgment. First, Nevada law only stays discovery when a party appeals the denial of an anti-SLAPP motion to dismiss.[3] NRS 41.660(3)(e). Second, appellant's mistaken belief does not constitute good cause when neither the district court nor this court entered a stay of the district court proceedings during the pendency of that appeal. And, even if appellant's mistaken belief was in good faith, mistakes of law do not constitute excusable neglect amounting to good cause to set aside the default. *See Intermountain Lumbar & Builders Supply, Inc. v. Glens Falls Ins. Co.*, 83 Nev. 126, 130, 424 P.2d 884, 886 (1967) (holding that, while good cause under NRCP 55(c) includes excusable neglect, "it does not embrace inexcusable neglect"); *Nev. Indus. Guar. Co. v. Sturgeon*, 80 Nev. 254, 258-

---

[2]The record is devoid of a motion, minutes, affidavits, or other evidence that respondents' counsel sought entry of a default while appellant was represented by counsel.

[3]Because Nevada law is on point, we decline to look to California law for guidance, as appellant requests.

59, 391 P.2d 862, 864 (1964) ("There are many instances in which courts have held that counsel's mistake of law, and particularly his failure to look up the law, was not considered excusable neglect."). Based on the foregoing, we conclude the district court did not abuse its discretion by denying appellant's motion to set aside the default.[4]

We agree with appellant, however, that the default judgment must be reversed and this case remanded to the district court. A district court generally has the discretion to conduct a prove-up hearing under NRCP 55(b)(2) to determine the appropriate amount of damages following a default. *See Foster v. Dingwall*, 126 Nev. 56, 66, 227 P.3d 1042, 1049 (2010). However, where the default judgment under NRCP 55(b)(2) is "for an uncertain or incalculable sum, the plaintiff must prove up damages, supported by substantial evidence." *Id.* at 66-67, 227 P.3d at 1049. The district court here did not conduct a prove-up hearing despite the incalculable nature of the damages respondents sought and despite appellant's request for one. Additionally, respondents' affidavit in support of their application for default judgment claimed that they were entitled to "damages in the principal amount of $500,000," while their application for default judgment claimed damages in the amount of "$5,550,026.30."[5] Respondents' application for default and the default judgment fail to account for this discrepancy and fail to provide a clear basis for the damages

---

[4]In light of this decision, we also necessarily reject appellant's argument challenging the default judgment to the extent he bases that challenge on the premise that the district court abused its discretion in not setting aside the underlying default. *Cf. Jacobs v. Sheriff, Washoe Cty.*, 108 Nev. 726, 729, 837 P.2d 436, 438 (1992) (holding that a default judgment is void where preceded by an invalid default).

[5]While respondents argue that the $500,000 figure addressed only one claim, the record belies their argument.

ultimately awarded. Thus, we conclude that the district court abused its discretion by failing to conduct the prove-up hearing on damages, warranting remand. *See id.* at 66, 227 P.3d at 1049.

Lastly, appellant argues that the district court abused its discretion by granting respondents attorney fees. We agree. While the underlying facts, admitted through default, suggest egregious conduct by appellant, the record reflects that appellant's defense in the *legal proceedings* was not "maintained without reasonable ground or to harass the prevailing party." NRS 18.010(2)(b) (allowing attorney fees "when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party"). And, the district court failed to identify any appropriate bases for its award in the default judgment. Thus, we conclude that the district court abused its discretion by granting attorney fees pursuant to NRS 18.010(2)(b). *See Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) (reviewing an award of attorney fees for an abuse of discretion). The district court also abused its discretion by awarding respondents their attorney fees incurred in prior appellate proceedings related to appellant's anti-SLAPP motion to dismiss.[6] *See* NRAP 38 (providing the proper instances for

---

[6]In reversing the attorney fees award, we reject respondents' argument that we should affirm the fees award as foreseeable and consequential damages flowing from appellant's intentional torts. The district court did not address this issue, and we decline to resolve such factual questions in the first instance. *See Lee v. GNLV Corp.*, 117 Nev. 291, 296, 22 P.3d 209, 212 (2001) (recognizing that foreseeability is a question of fact); *Round Hill General Imp. Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (providing that appellate courts are not apt at addressing factual issues in the first instance).

imposition of appellate attorney fees); *see also Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1356-57, 971 P.2d 383, 388 (1998) (holding that a party was not entitled to appellate attorney fees under NRS 18.010 because the statute was silent on the issue, and that it was not entitled to them under NRAP 38 because the appeal was not brought in a frivolous manner). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[7]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:     Chief Judge, Eighth Judicial District Court
        Department 24, Eighth Judicial District Court
        Israel Kunin, Settlement Judge
        Avalon Legal Group LLC
        Thomson Law PC
        Eighth District Court Clerk

---

Because we reverse the default judgment and the award of attorney fees, we also reverse the award of costs. This order should not be read, however, as prohibiting respondents from moving for, or the district court from awarding, fees and costs on remand, if appropriate.

[7]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.