JOSEPH A. CICERCHIA, Appellant, *v.*
CARMELA CICERCHIA, Respondent.

No. 4342

April 4, 1961

360 P.2d 839

*Robert Cohen,* of Las Vegas, for Appellant.

*George Rudiak,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

Appellant commenced an action for divorce against his wife in the lower court through Robert Cohen of Las Vegas, Nevada, his attorney of record. Summons was served on respondent in Rhode Island on April 1, 1960 after publication of summons had been ordered. She failed to appear in said action on or before April 21, 1960, the time provided by law for appearance after service of summons. On April 22, 1960 respondent's default was entered and on the same day appellant appeared in court in said action and obtained a decree of divorce. Judgment to that effect was thereupon entered. On May 19, 1960 respondent caused to be served on Robert Cohen, as appellant's attorney, and filed in the court below a motion to set aside the default and decree of divorce for the reason of her mistake, inadvertence, surprise, and excusable neglect and asked for leave to file her proposed answer and counterclaims for separate maintenance. Appeal is from the order granting said motion.

Three errors are assigned, to wit, (1) the court erred in setting aside the default and decree of divorce because the respondent was negligent and not timely in filing an answer herein; (2) the court erred in setting aside the default and decree of divorce because respondent failed to show that her failure to file within the time provided by law was due to mistake, inadvertence, and excusable neglect; (3) in setting aside the default and decree of divorce the court erred in finding that both parties appeared by duly authorized counsel.

Specification 3 was waived by appellant during oral

argument. It is without merit in view of our decision in State ex rel. Groves v. First Judicial District Court, 61 Nev. 269, 125 P.2d 723. See Rule 5 (b), NRCP, and Caplow v. Eighth Judicial District Court, 72 Nev. 265, 302 P.2d 755.

Specifications of errors 1 and 2 can be considered together.

Under Rule 60 (b) NRCP, a party on motion made within six months after entry of judgment may be relieved from a judgment entered due to his mistake, inadvertence, surprise, or excusable neglect. Under Rule 55 (c), NRCP, the court likewise may set aside an entry of default. In order to prove excusable neglect the affidavits of respondent and of Benjamin A. Friedman, an attorney at law, with offices at Taunton, Massachusetts, were received in evidence in support of respondent's motion and were not controverted. The sole question presented for decision herein is whether said affidavits are sufficient to establish excusable neglect on the part of respondent.

Respondent's affidavit, dated May 6, 1960, states that she suffered a nervous breakdown and mental disorder because of the cruel and abusive conduct of appellant; that she communicated with attorney Friedman to engage him to defend the divorce proceedings in Nevada and after being informed by said Friedman that a hearing on the merits would not take place for 60 to 90 days, she became ill, was confined to bed, and unable to check upon the work of Friedman until May 2, 1960 when she learned that a decree of divorce had already been entered; that immediately thereafter she took steps to have the decree set aside. The affidavit of Friedman states that respondent engaged him to hire a Las Vegas attorney to do all things necessary to protest the divorce proceedings; that he was under the mistaken belief that respondent had at least 30 days to file an answer and so notified respondent; that he was absent from his office until May 2, 1960 when he was contacted by respondent

at which time he learned that a decree of divorce had been entered; that he then engaged Las Vegas counsel to represent respondent; and that the delay was in no way attributable to the fault of respondent.

The said answer and counterclaims were part of the moving papers and were verified by respondent's Nevada counsel. The answer denied the alleged ground for divorce, to wit, extreme cruelty, while the counterclaims prayed for separate maintenance alleging extreme cruelty and desertion on the part of appellant.

A motion to set aside a default and vacate the judgment resulting therefrom is addressed largely to the sound discretion of the court, Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050, and will not be disturbed on review unless there has been an abuse of discretion. Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979; Schultz v. King, 68 Nev. 207, 228 P.2d 401. In Blundin v. Blundin, 38 Nev. 212, 147 P. 1083, 1084, this court through Chief Justice Norcross stated that the rule (authorizing a court to set aside a default judgment) is to be "very liberally applied" in a divorce proceeding.

Appellant contends, however, that under our decision in Guardia v. Guardia, 48 Nev. 230, 229 P. 386, 387, the negligence of an attorney is imputable to his client, and that the evidence herein shows that the default judgment was a result of Friedman's inexcusable neglect. There we stated that the client cannot be relieved from a judgment taken against him in consequence of the neglect, carelessness, forgetfulness, or inattention of his attorney. We went on to say, however, that "this court is quite indulgent in setting aside defaults in consequence of 'excusable neglect' of attorneys, provided the party himself was not directly in fault."

A court has wide discretion in determining what neglect is excusable and what is inexcusable. Baumann

v. Nevada Colony Corp., 44 Nev. 10, 189 P. 245; Howe v. Coldren, 4 Nev. 171.

In the present case respondent was not directly in fault. Her physical condition during the period within which she had to answer the complaint was properly before the court for its consideration. See Wagner v. Anderson, 63 Nev. 453, 174 P.2d 612. It could have been a contributing cause of Friedman's failure to engage Las Vegas counsel prior to the entry of the default. She and her out-of-state counsel lived in different states. She acted immediately upon learning of the default. And finally she presented a defense on the merits which, if proven, would defeat appellant's action.

Although every case depends largely upon its own facts, Baumann v. Nevada Colony Corp., supra, an appellate court is not inclined to disturb an order setting aside a default regularly entered where the application is made to the court upon the ground of inadvertence or excusable neglect supported by evidence showing a defense on the merits. Esden v. May, 36 Nev. 611, 135 P. 1185.

In Lukey v. Thomas, supra, it was unnecessary to decide whether the evidence offered in support of respondent's claim of excusable neglect was sufficient because there was no competent evidence to show any defense on the part of the defendant.

Under the facts of this case we find no abuse of discretion on the part of the lower court in setting aside the default and judgment resulting therefrom.

Affirmed.

Heretofore we granted respondent's motion for attorney fees in this court to the extent of $250. All proceedings on the part of the appellant in the lower court are stayed until payment of this sum to respondent.

BADT, C. J., and PIKE, J., concur.