JESS BLAKENEY, APPELLANT, *v.* FREMONT HOTEL, INC., A NEVADA CORPORATION, RESPONDENT.

No. 4345

April 10, 1961

360 P.2d 1039

*Edward G. Marshall,* of Las Vegas, for Appellant.

*Goldwater and Singleton,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is an action brought by appellant against respondent to recover the sum of $35,000 general and $25,000 punitive damages for injuries allegedly caused by the negligence of respondent's employee. Summons was served upon the resident agent of respondent on February 25, 1960 and on March 3, 1960 the papers were delivered to the hotel's attorney, David Goldwater, for the purpose of defending the action. Time to answer expired on March 16, 1960. No appearance having been made by the respondent its default was entered on March 21, 1960. On April 13, 1960, appellant proved up his case in court and obtained a judgment in the sum

of $7,911.20 plus costs. On the following day, after a writ of execution was issued and levy made upon the assets of respondent, Mr. Goldwater filed a motion to set aside the default judgment on the grounds of inadvertence and excusable neglect. The motion was granted and appeal is from the order setting aside the entry of default and the judgment.

The order appealed from recites the following: "the Court finding that the failure to file and serve said answer to the Complaint was the result of excusable neglect by counsel for the Defendant, and finding that the failure to file said answer was not an attempt to delay any of the proceedings in the above entitled cause, and the Court finding that the application for relief from the default and judgment of default entered by the Plaintiff was made promptly; and the Court further finding that the Defendant, on the hearing on the motion, may have a valid defense to the allegations of the Complaint of the Plaintiff, and further finding that the Plaintiff will not be harmed by the granting of relief pursuant to said motion and that justice will best be served by the granting of said motion   *   *   *."

The only question for determination in this case is whether the lower court abused its discretion in finding that the neglect of Mr. Goldwater was excusable. It appears from his affidavit and from his oral testimony, both given in support of the motion, that upon receipt of the papers from the respondent, Mr. Goldwater took them to his office. There, the case was assigned a file number, a folder and index card by number were prepared and the necessary steps were taken to calendar the case so that it could be taken care of within the time required for answering. "Somehow or another this particular file, even though filed by number and indexed, was misplaced and overlooked, and apparently in the press of other matters, many other matters, which occurred and were current at about that time." He then intimates that an inexperienced secretary could have misfiled the papers.

This evidence shows a clear case of negligence on the

part of the attorney. The lower court felt, however, that the negligence was excusable inasmuch as there was no willful intent to delay the case, the court being satisfied that evidence of a meritorious defense would be presented.[1]

In his oral decision the trial judge stated, "Now, I think in truth and in fact it is this: that Mr. Goldwater had it on his desk and one of the girls filed it and he doesn't know which one and I don't think that he paid much attention to it at that time. We all make errors and mistakes and I think Mr. Goldwater just forgot it. Now, the question is: is that under the terms of the rule excusable neglect? It is true that he neglected to file an answer and he neglected to do anything on behalf of the defendant who had left the summons and complaint with him, but I think it is excusable and I think attorneys all make errors."

In Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050, the court sustained the lower court in refusing to open up the default. There, when the papers were served upon the defendant he mislaid them in his home. No evidence was presented to show in what manner the papers were mislaid or misplaced. Some such effort, however, was made in the present case.

Cicerchia v. Cicerchia, 77 Nev. 158, 360 P.2d. 839, is our most recent case on the subject of defaults. There, we stated that an appellate court is not inclined to disturb an order setting aside a default regularly entered where the application was made to that court upon the ground of inadvertence and excusable neglect, supported by evidence showing a defense on the merits.

"As a general rule, we think a party who has a good defense should, when prompt application is made * * * be allowed to set it up, notwithstanding any negligence on the part of himself or counsel." Howe v. Coldren, 4 Nev. 171.

In the Coldren case the court distinguished a situation where "the negligence has been so extreme as to cause suspicion of willful intent to delay the case"; and

---

[1]The necessity of presenting such evidence on the motion was waived expressly in open court by appellant's counsel.

in reviewing appellate action on cases concerned with defaults, it said: "\* \* \* we find several cases where the appellate Court has held that it would reverse the ruling of a *nisi prius* Court in refusing to set aside a default; but we do not see a reference to a single case where an order setting aside a default has been reversed. Certainly there are strong reasons why an appellate Court should interfere in the one case and not in the other. If there is a refusal to set aside a default, a ruinous judgment may be sustained against a party who, upon hearing, might have interposed a perfectly good defense. By sustaining the default, he would forever be debarred the right of a hearing. If, then, a *nisi prius* Court refuses to set aside a default when a party shows with reasonable certainty that he has a good defense, and he has only been guilty of carelessness and inattention to his business, but no willful or fraudulent delay, it would be highly proper even for an appellate Court to come to his relief if the lower Court refused it. But when the default has been set aside the case is far different. In such case, if the plaintiff has a good cause of action and clear proof of his demand, he could generally try his case in the Court below and obtain another judgment in less time, and with far less expense, than he could bring his case to this Court. In fine, if the plaintiff has a good case there is no necessity of appealing. If he has a bad one, this Court ought not to be very anxious to help him keep an advantage he has obtained, not through the justice or strength of his cause, but by the accidental blunder of his opponent."

The true significance of the decisions in this state, some of which uphold the granting of the motions to open default and some of which uphold the denial of such motions, is that this court will affirm the action of the lower court in the exercise of its discretion unless there is a showing of a clear abuse thereof. As in the Cicerchia case the client here was blameless, application was promptly made, and there was no intent to delay proceedings. As distinguished from Bryant v. Gibbs, supra, where the defendant failed to show a single act or circumstance tending to excuse his mislaying of the

papers, Goldwater did show that the papers when brought into his office went through the usual office procedure to index and calendar the case; and as distinguished from Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979, and Guardia v. Guardia, 48 Nev. 230, 229 P. 386, where there was a failure to present evidence which would show a defense on the merits, the existence of evidence in support of a meritorious defense was conceded.

Under the particular facts of this case we find no abuse of discretion in the action of the lower court.

Affirmed.

BADT, C. J., and PIKE, J., concur.