MALCOLM L. LENTZ, Appellant, v. DAVID L. BOLES dba COMFORT AIR MECHANICAL CONTRACTORS CO., Respondent.

No. 5368

March 6, 1968                                438 P.2d 254

*Stanley W. Pierce,* of Las Vegas, for Appellant.

*Lionel & Sawyer* and *Robert M. Buckalew,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant sued respondent for goods sold and delivered and upon respondent's default secured judgment in the sum of $5,833.71, attorney's fees and costs. Respondent moved under NRCP 60(b)(1)[1] to set aside the default judgment which the trial court granted. Appellant appeals on the ground that the trial court abused its discretion and committed prejudicial error. This is the precise question we must decide.

Appellant's complaint was filed on November 9, 1966. Process was served on November 16 by the sheriff's leaving copies of the summons and complaint with respondent's wife at their residence in Clark County. Respondent failed to answer, and default was taken on December 8 and judgment entered on December 29, with notice of entry of judgment filed on January 4. Copies of the notice of entry of judgment and the judgment were mailed to respondent and writ of execution issued with order that defendant appear for a debtor examination on February 22, at which time respondent appeared with counsel and was granted a continuance. His motion to vacate judgment by default and to quash the writ of execution was filed on March 3 and heard and granted on March 27.

Respondent in his motion to set aside his default on the ground of excusable neglect states in his affidavit that when he received the copies of the summons and complaint he gave them to an employee with instructions to deliver them to his then attorney; that when he received notice by mail of his default he telephoned his attorney and was advised that his attorney had not received copies of the summons and complaint and that no responsive pleading had been filed. Respondent then searched his files and found that the summons and complaint had not been delivered as directed, but filed with other records in respondent's office.

Respondent's present counsel filed his affidavit supporting respondent's motion and annexed the answer to be filed should

[1] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

the motion be granted. Counsel alleges in his affidavit that respondent does have a meritorious defense, in

"\* \* \* That Comfort Air Mechanical Contractors Company, which plaintiff has alleged in the caption of his complaint herein that defendant is doing business as, is in fact a corporation, organized, existing, and doing business under the laws of the State of Nevada, and that the Articles of Incorporation of the said Comfort Air Mechanical Contractors Company, a Nevada corporation, were filed in the office of the Secretary of State of the State of Nevada on the 10th day of December, 1965; \* \* \*."

This court has ruled as follows as to a trial court's exercise of discretion in setting aside a default judgment or refusing to do so. Cases where a default judgment was set aside and the ruling affirmed on appeal: Howe v. Coldren, 4 Nev. 171 (1868); State v. Consol. Va. Mining Co., 13 Nev. 194 (1878); Bowman v. Bowman, 47 Nev. 207, 217 P. 1102 (1923); Cicerchia v. Cicerchia, 77 Nev. 158, 360 P.2d 839 (1961); Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039 (1961); Anderson v. Havas, 77 Nev. 223, 361 P.2d 536 (1961); cases where a default judgment was set aside and the ruling reversed on appeal: Haley v. Eureka County Bank, 20 Nev. 410, 22 P. 1098 (1889); Esden v. May, 36 Nev. 611, 135 P. 1185 (1913); Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979 (1959); Kelso v. Kelso, 78 Nev. 99, 369 P.2d 668 (1962); cases where the default judgment was not set aside and the ruling affirmed on appeal: Harper v. Mallory, 4 Nev. 447 (1868); Guardia v. Guardia, 48 Nev. 230, 229 P. 386 (1924); Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952); Nevada Ind. Guaranty v. Sturgeon, 80 Nev. 254, 391 P.2d 862 (1964); Intermountain Lumber v. Glens Falls Ins., 83 Nev. 126, 424 P.2d 884 (1967); cases where the default judgment was not set aside and ruling reversed on appeal: Evans v. Cook, 11 Nev. 69 (1876); Horton v. New Pass Gold & Silver Mining Co., 21 Nev. 184, 27 P. 376 (1891); Stretch v. Montezuma Mining Co., 29 Nev. 163, 86 P. 445 (1906); Baumann v. Nev. Colony Corp., 44 Nev. 10, 189 P. 245 (1920); Wagner v. Anderson, 63 Nev. 453, 174 P.2d 612 (1946); Hotel Last Frontier v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963).

As the court said in Hotel Last Frontier v. Frontier Properties, Inc., supra, the various results of the cases cited are for the most part explainable because of the different facts involved and that the general principle of review to be applied

is the lower court's exercise of discretion will not be disturbed in the absence of an abuse. Blakeney v. Fremont Hotel, Inc., supra; Bryant v. Gibbs, supra.

In Hotel Last Frontier, the court suggested certain guides for the trial court in deciding the question now before us. The court said, at 154: "(1) The showing required by NRCP 60(b)(1), formerly NCL 8640, of mistake, inadvertence, surprise, or excusable neglect, singly, or in combination, must, of course, be made. Blundin v. Blundin, 38 Nev. 212, 147 P. 1083. What facts will establish the existence of one or more of the specified conditions is largely discretionary. Yet, guides have been declared. Prompt application to remove the judgment is a persuasive factor. Howe v. Coldren, * * *; likewise, the absence of an intent to delay proceedings, Blakeney v. Fremont Hotel, Inc., * * *; Anderson v. Havas, * * *. The lack of knowledge of the party or counsel as to procedural requirements has been given weight, Cicerchia v. Cicerchia, * * *. Good faith is significant. Haley v. Eureka Co. Bank, * * *. (2) The showing required by case precedent that a 'meritorious defense' exist to the claim for relief asserted, also must be made. The total absence of such a showing has defeated the movant's application to set aside the judgment. Kelso v. Kelso, * * *; Guardia v. Guardia, * * *; Lukey v. Thomas * * *."

And in announcing a proper guide to the exercise of discretion, the court, in Hotel Last Frontier at 155, stated further: "* * * the basic underlying policy [is] to have each case decided upon its merits. In the normal course of events, justice is best served by such a policy. Because of this policy, the general observation may be made that an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a *refusal* to do so. In the former case a trial upon the merits is assured, whereas in the latter it is denied forever. * * *."

We wish not to be understood, however, that this judicial tendency to grant relief from a default judgment implies that the trial court should always grant relief from a default judgment. Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity. Lack of good faith or diligence, or lack of merit in the proposed defense, may very well warrant a denial of the motion for relief from the judgment.

In the instant case the trial judge chose to believe and accepted the affidavit of respondent as a sufficeint showing of excusable neglect. We cannot say as a matter of law that in doing so the trial judge abused his discretion.

The proposed defense that Comfort Air Mechanical Contractors Co. is a corporate entity and that respondent is not personally liable in the cause may provide respondent with a meritorious defense to appellant's claim. If so, justice dictates that he have an opportunity to be heard and have the issues properly resolved by the trial court. We do not find an abuse of discretion by the trial judge, and therefore the court's order setting aside respondent's default must stand.

Affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and BATJER, JJ., concur.