HENRY A. MINTON, APPELLANT, v. CARL E. ROLIFF, CRAIG G. CULVER AND RAESCO, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 5996

June 18, 1970                          471 P.2d 209

*Joseph J. Kay, Jr.,* of Reno, for Appellant.

*Bible, McDonald, Carano & Wilson,* of Reno, for Respondents.

## OPINION

By the Court, COLLINS, C. J.:

This appeal is from an order setting aside a default judgment by the lower court. We affirm that order.

On December 8, 1967, appellant filed a contract action against respondents for commission claimed due him for sale of advertising and broadcasting time for radio station KSRN in Reno. He also sought an accounting of the amount allegedly due him from the records of the station. Respondents retained counsel, but failed to answer, appear or otherwise respond upon the record, and their default was entered March 7, 1968. Nothing further was done on the record until October 30, 1968, when appellant mailed respondents' counsel a document entitled "Notice to Have Judgment Entered." This document was filed with the court on November 6, 1968. On January 22, 1969, a prove-up was made by appellant, and default judgment for $3,581.61 was entered against respondents. On January 27, 1969, respondents moved to set aside the default judgment. Appellant responded to that motion on January 31, 1969. On April 23, 1969, respondents filed a "Memorandum in Support of Motion to Set Aside Default Judgement", and on May 14, 1969, the trial judge entered his order setting aside the default judgment. It is from that order this appeal is taken.

The evidence before the lower court consisted primarily of affidavits of respondent Carl E. Roliff, his counsel, counsel for appellant, some letters and notices filed by appellant.

Roliff, in his affidavit, claimed that a meeting took place in January, 1968, between Roliff and counsel for both sides, at which time it was agreed that appellant's counsel, Kay, would go over the radio station's books to determine what he believed due appellant for commissions. McDonald, respondents' counsel, in his affidavit, said only that after the filing of the complaint a meeting was had and an agreement was reached that Kay would examine respondents' books. McDonald claimed that he was advised that an answer would not be filed until the books were examined, and that thereafter, on March 7, 1968, default was entered by appellant. Kay, in his affidavit, claimed that several attempts were made to set up a conference with respondent Roliff and his counsel, McDonald. He submitted copies of letters dated January 29, 1968, in which he asked McDonald for a conference, and February 20, 1968, in which he informed McDonald that unless respondent was willing to consider negotiation or would file an answer within 15 days, default would be taken. Kay asserted that the meeting at which he agreed to examine respondents' books occurred after the default was taken.

The books were never examined, and McDonald claimed that negotiations continued and a reasonable offer of settlement was refused by appellant's counsel. Kay claimed that a counteroffer was made by him to McDonald, and he had not received a reply. McDonald claimed no counteroffer was made by Kay.

McDonald mentioned phone calls between the parties indicating that the matter was still subject to negotiation and awaiting appellant's examination of respondents' books. Kay offered a letter from appellant to him dated September 26, 1968, ordering him to obtain a default judgment because the case had continued for too long, a letter from Kay to McDonald of October 10, 1968, enclosing the aforementioned letter and referring to a phone call of that date. Also of record is a notice of intent to have judgment entered filed November 6, 1968, by Kay, a copy of which was sent to McDonald on October 30, 1968.

In his decision setting aside the default judgment, the trial judge stated: "It is an unfortunate situation that a misunderstanding arose between the attorneys in this case and it is not the first time this has happened. . . . Since this case involves a matter of accounting, I really believe that justice would be better served if the Default Judgment is set aside and an accounting had between the parties hereto."

We shall attempt once again to summarize the law on this

vexatious question to aid lower courts and counsel in reaching correct decisions.

In Cicerchia v. Cicerchia, 77 Nev. 158, 161, 360 P.2d 839 (1961), we said: "A motion to set aside a default and vacate the judgment resulting therefrom is addressed largely to the sound discretion of the court. . . ."

We have repeatedly held that a trial court's exercise of discretion in granting or denying a motion to set aside a default judgment will not be disturbed on appeal absent an abuse of discretion. E.g., Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963); Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039 (1961).

"This discretion is a legal discretion, however, and cannot be sustained where there is no competent evidence to justify the court's action. Haley v. Eureka County Bank, 20 Nev. 410, 22 P.2d [sic] 1098." Lukey v. Thomas, 75 Nev. 20, 22, 333 P.2d 979 (1959). See also McClellan v. David, 84 Nev. 283, 439 P.2d 673 (1968), where we reversed the setting aside of a default judgment because there was no credible evidence before the lower court to show that the neglect was excusable under the circumstances.

In Hotel Last Frontier, a serious effort was made to establish workable guidelines for resolution of future cases. They may be summarized as follows:

1.    There must be a showing of mistake, inadvertence, surprise or neglect as required by NRCP 60(b)(1). The factors to be considered in that showing are: (a) prompt application to remove the judgment; (b) absence of an intent to delay proceedings; (c) lack of knowledge of the party or counsel as to procedural requirements; (d) good faith.

2.    There must be a showing that a "meritorious defense" exists. Procedures that will satisfy this requirement are: (a) admissible testimony or affidavit which, if true, would tend to establish a defense to all or part of the claim for relief asserted; (b) the opinion of counsel based upon facts related to him, without need to set them forth, that a meritorious defense exists to all or part of the claim asserted; (c) tendering of a responsive pleading in good faith that, if true, would tend to establish a meritorious defense to all or part of the claim for relief asserted; (d) any combination of the above.

3. We indicated that the basic policy underlying these decisions favored a decision of each case upon its merits. In connection therewith, we said: "Because of this policy, the general observation may be made that an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a *refusal* to do so. In the former case, a trial upon the merits is assured, whereas in the latter it is denied forever." 79 Nev. at 155–56 (emphasis in the original). This principle was recognized by this court as early as Howe v. Coldren, 4 Nev. 171 (1868), and reaffirmed as recent as Morris v. Morris, 86 Nev. 45, 464 P.2d 471 (1970). For a recent reversal of the refusal of a lower court to set aside a default judgment, see Adams v. Lawson, 84 Nev. 687, 448 P.2d 695 (1968).

4. In certain instances we have declined to follow that basic policy for specific reasons. In McClellan v. David, supra, we noted there was no credible evidence to support the trial court's order setting aside a default judgment and reversed its order. In Kelso v. Kelso, 78 Nev. 99, 369 P.2d 668 (1962), the lower court was reversed because the defaulting party made no showing of a defense or its nature so the lower court could determine whether it was meritorious.

In Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979 (1959), the lower court was reversed because the defaulting party failed to show the nature of any defense he might have. The court also noted that the motion for relief was filed 131 days after judgment was entered.

In Esden v. May, 36 Nev. 611, 135 P. 1185 (1913), the lower court was also reversed because the defaulting party failed to show the nature of any defense he might have.

In Haley v. Eureka County Bank, 20 Nev. 410, 22 P. 1098 (1889), the court said that the defendants could not rely on grounds of surprise independent of verbal stipulations claimed by them to have been made to the effect that a default would not be taken. The rule then was as it is now under DCR 24, that stipulations between parties are to be disregarded unless in writing or in the form of a court order.

5. The single issue presented for our review in this case is whether the lower court abused its discretion in setting aside the default judgment. It appears credible evidence was offered by each of the parties. The lower court was then faced with resolving fundamental conflict in that evidence. Kay's failure to have judgment entered upon the default for ten months is an indication that negotiations were continuing. So too the letters

of September and October indicate that McDonald may have been justified in his expectation that an answer was not expected until the books had been examined. Kay's failure to have judgment entered for two months after giving notice that he would have judgment entered in seven days is another factor supporting the lower court's determination that the failure to file a responsive pleading was the result of a misunderstanding between the parties.

McDonald could be said to have made the mistake of believing that he would not be required to plead until the books had been reviewed by the appellant. The lower court could also have found that McDonald was surprised by the entry of judgment when he had been in contact with Kay following entry of default in March and no judgment had been entered, and also when it had not been entered seven days after the notice had been given that judgment would be entered. Both parties have delayed here, and while there is no stipulation that additional time would be given, there is delay on the part of the appellant, coupled with evidence of contact between the parties from which the judge below could conclude that a misunderstanding had developed.

Thus, there is evidence of mistake, inadvertence, surprise or excusable neglect required by NRCP 60(b)(1) to justify setting aside the default judgment. While initially we may not have decided the case in the same manner as the trial court, we cannot say that court abused its discretion.

Affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.