STANLEY BOOKER and ELKO FLYING SERVICE, INC., APPELLANTS, v. TERRY TAYLOR KOEPNICK and KENNETH L. TAYLOR, RESPONDENTS.

No. 6108

September 17, 1970                    474 P.2d 723

*Richard C. Minor,* of Reno, for Appellants.

*Vaughn, Hull, McDaniel & Marfisi,* of Elko, for Respondents.

## OPINION

*Per Curiam:*

On May 3, 1966, the respondents filed their complaint against the appellants alleging that Terry Taylor Koepnick suffered damages as a result of injuries sustained in the crash landing of an airplane owned and operated by the appellants.

Counsel for the appellants filed their answer and alleged certain affirmative defenses. Shortly thereafter counsel was allowed to withdraw and Richard C. Minor, Esq., was substituted. The matter was set for trial to commence on May 26, 1969. On April 21, 1969, the appellants discharged Richard C. Minor as their attorney and were without counsel on the trial date.

Prior to trial the respondents offered to settle the case for $1,000 in cash, the same to be received before the close of business on May 23, 1969.

On May 22, 1969, appellant Booker attempted to make a counter-offer through Leo J. Puccinelli, an attorney at law, who was acting as a personal friend and not as his attorney, by sending a check in the amount of $500, drawn on a bank located in Djakarta, Indonesia, together with 100 shares of life insurance stock. The life insurance stock was of questionable value and was not properly endorsed.

This counter-offer was received in Mr. Puccinelli's office on the day of the trial, and some three days after Puccinelli had left for Hawaii. The respondents were unaware of Booker's attempt to make a counter-offer until after the trial which was held as scheduled.

The appellants did not appear at the trial, nor were they represented by counsel. Judgment was entered in favor of the respondents on June 2, 1969, and on June 12, 1969, a notice of decision and entry of judgment was mailed to them. On September 2, 1969, the appellants moved to set aside the judgment. After a hearing, the motion was denied. This appeal is taken from that denial.

The appellants cite Nelson v. Lenmon, 206 P.2d 556 (Mont. 1949), and Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968), in support of their contentions that the trial court erred when it denied their motion to set aside the judgment. We find no valid support for their contentions in these cases. They also rely upon the general policy that every case should be tried on the merits, if at all possible. However, they fail to recognize or acknowledge their responsibility to have been present or represented in district court when their case was called for trial. They do not claim that they were not notified, nor that they were unaware of the trial date, but instead claim good faith reliance on the fact that they had made a counter-offer of questionable value which was never communicated to the respondents. Upon this basis the appellants absented themselves from the trial. Now they ask this court to reverse the order of the trial court denying their motion to set the judgment aside upon the strength of that reliance. This we refuse to do.

The district court found no valid reason for the appellants' failure to appeal at trial or to request a continuance, and as a consequence found that relief under NRCP 60(b) was unwarranted. The record supports the finding of the district court. The order of that court denying the appellants' motion to set aside the default judgment is affirmed. See Norris v. Phillips, 86 Nev. 619, 472 P.2d 347 (1970).