W. W. OGLE, A. CONROY, FLOYD TURNER, RONALD REISS, AND GEORGE SHIROKY, APPELLANTS, v. BILL MILLER, INDIVIDUALLY, AND BILL MILLER DBA BILL MILLER SPORTS PROMOTIONS, RESPONDENT.

No. 6507

December 2, 1971                    491 P.2d 40

*Keith C. Hayes,* of Las Vegas, for Appellants.

*George, Steffen & Simmons,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district court granting Respondent Bill Miller's motion to set aside a default judgment that the appellants had caused to be entered against him for

wages they claimed were due them for their work on the Liston-Martin prize fight held in Las Vegas on December 6, 1969. They also sought recovery of substantial statutory penalties as prescribed for nonpayment of wages in chapter 608 of NRS.

On January 20, 1970, Miller was served with a copy of the complaint and summons. He did not answer the complaint, and judgment by default was entered against him on February 27, 1970.[1] On August 19, 1970, Miller filed a motion and his affidavit in support thereof to set aside the default judgment. The district judge granted the motion, and he ordered the default judgment set aside, which order we affirm.

Respondent Miller's motion was predicated upon NRCP 60(b)(1), which provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;".

In addition to showing excusable neglect, the movant must demonstrate that he has a meritorious defense to the action. Minton v. Roliff, 86 Nev. 478, 481, 471 P.2d 209, 211

---

[1] The judgment read, in part:

"1. That Plaintiffs have Judgment against BILL MILLER, individually, and BILL MILLER, d/b/a BILL MILLER SPORTS PROMOTIONS as follows:

"(a) Plaintiff W. W. OGLE is awarded judgment in the sum of $169.56, together with interest, from December 6, 1969 and for penalty in the sum of $4,710.00, together with interest from the date hereof; for attorney fees in the sum of $100.00.

"(b) Plaintiff A. CONROY is awarded judgment in the sum of $169.56, together with interest, from December 6, 1969 and for penalty in the sum of $4,710.00, together with interest from the date hereof; for attorney fees in the sum of $100.00.

"(c) Plaintiff FLOYD TURNER is awarded judgment in the sum of $169.56, together with interest, from December 6, 1969 and for penalty in the sum of $4,710.00, together with interest from the date hereof; for attorney fees in the sum of $100.00.

"(d) Plaintiff R. REISS is awarded judgment in the sum of $38.76, together with interest, from December 6, 1969, and for penalty in the sum of $1,076.40, together with interest from the date hereof; for attorney fees in the sum of $100.00.

"(e) Plaintiff G. SHIROKY is awarded judgment in the sum of $38.76, together with interest, from December 6, 1969, and for penalty in the sum of $1,076.40, together with interest from the date hereof; for attorney fees in the sum of $100.00.

"2. That Plaintiffs are further awarded their costs incurred.

"DATED this 27th day of February, 1970."

(1970). The determination of the existence of excusable neglect is a matter within the sound discretion of the district judge. Cicerchia v. Cicerchia, 77 Nev. 158, 161, 360 P.2d 839, 841 (1961). The judge's ruling on a motion to set aside a default judgment will not be disturbed when there has been no abuse of discretion. Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963); Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039 (1961). In Hotel Last Frontier, this court reviewed the divergent results of the cases that had come before this court on appeals from orders granting and denying motions to set aside default judgments. The court stated that the determination of what facts will establish the existence of one or more of the specified conditions required by NRCP 60(b)(1) is largely discretionary, but that certain guides had been declared. They may be summarized as (a) prompt application to remove the judgment, (b) absence of an intent to delay the proceedings, (c) lack of knowledge of the party or counsel as to procedural requirements, and (d) good faith.

In the instant case Miller, upon being served with process, contacted Attorney Michael Wendell, a friend, who also represented a codefendant. Mr. Wendell advised Miller that he would ". . . suggest to Mr. Cassina that we, Feature Attractions [the codefendant], take care of this obligation." Believing the matter was settled, Miller did nothing further until he received notice that a whopping judgment—many, many times the amount of the original claim—had been entered against him. He then engaged his own attorney, who, after several months of negotiations with counsel for appellants, moved to set aside the default judgment. The district judge, under the facts presented, certainly did not abuse his discretion in finding that Miller's failure to answer was excusable neglect on his part.

Certain procedures have been suggested for satisfying the requirement that one who seeks to set aside a default judgment must show that a meritorious defense exists to the complaint: (1) Admissible testimony or affidavits that, if true, would tend to establish a defense to all or part of the claim for relief asserted; (2) the opinion of counsel based upon facts related to him, without need to set them forth, that a meritorious defense exists to all or part of the claim asserted; (3) a responsive pleading in good faith that, if true, would tend to establish a meritorious defense to all or part of the claim for relief

asserted; (4) any combination of the above. Hotel Last Frontier Corp. v. Frontier Properties, Inc., *supra;* Minton v. Roliff, *supra.*

Although Miller filed an affidavit in support of his motion to set aside the default, it, standing alone, was insufficient to show that he did have a meritorious defense to the action. At the hearing on the motion, however, Miller testified without objection regarding a certain contract and its contents, which testimony, if true, would provide the necessary meritorious defense required. Miller's testimony, therefore, provided a sufficient basis for the district judge's finding that a proper showing had been made.

As the court said in Hotel Last Frontier, *supra,* 79 Nev. at 155, 380 P.2d at 295:

"Finally we mention, as a proper guide to the exercise of discretion, the basic underlying policy to have each case decided on its merits. In the normal course of events, justice is best served by such a policy. Because of this policy, the general observation may be made that an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a *refusal* to do so. In the former case a trial upon the merits is assured, whereas in the latter it is denied forever." (Emphasis in original.)[2]

This appeal is a classic example of such a case. Under the facts presented, it would have been a clear abuse of discretion to permit a judgment of this nature to stand and thereby deny the party against whom it is entered his day in court. The order of the district judge is affirmed.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

[2]Cf. McClellan v. David, 84 Nev. 283, 439 P.2d 673 (1968), where the majority of the court overruled the lower court's order setting aside a default judgment upon facts substantially different from those in the instant case, in that David was served on May 14, 1965, and judgment was entered on December 15, 1966, with no explanation appearing in the record for the lapse of 19 months between the time of service and the entry of the default judgment.