JOHNSTON, INC., A TEXAS CORPORATION, APPELLANT, v. JACK WEINSTEIN AND SANDRA BANKSTON, DBA PLAYMATES BY SAUNDRA, INC., RESPONDENTS.

No. 6559

January 11, 1972        492 P.2d 616

[Rehearing denied February 23, 1972]

*Emilie N. Wanderer,* of Las Vegas, for Appellant.

*James L. Buchanan II,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The appellant filed suit against the respondents for money due from the sale of merchandise, and for punitive damages as a result of allegedly fraudulent representations. After service of process upon the respondents and their failure to timely answer the appellant took a default, and judgment was entered against the respondents on July 29, 1970.

On November 20, 1970, the respondents moved to set aside the judgment. Attached to their motion was an affidavit containing factual assertions to show excusable neglect and what would be a meritorious defense if proven. Also attached to the motion was a document showing that the business of the respondents had been sold prior to the time the appellant's

suit was filed, in support of the assertions of the respondents that the debt was not theirs.

After the appellant's response in opposition to the motion to set aside judgment was filed, and the parties were heard, the district court entered its order setting aside the judgment and giving the respondents a time within which to plead further. It is from that order setting aside the judgment that this appeal is taken.

The sole appellate issue in these circumstances is whether or not the district court abused its discretion in setting aside the default judgment. In the absence of a clear showing of abuse, the action of the court below must be affirmed. Hotel Last Frontier v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963); Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970).

Upon review of the record on appeal we find that the motion of the respondents to set aside the default judgment, and the affidavit and supporting document attached thereto, set forth sufficient facts upon which the district judge could rule that excusable neglect had been shown, and that they contain allegations which, if proven, would tend to establish a defense to all or part of the asserted claim for relief. Thus we cannot find such a clear showing of abuse of discretion as to warrant a reversal of the order setting aside the judgment. Howe v. Coldren, 4 Nev. 662 (1868); Morris v. Morris, 86 Nev. 45, 464 P.2d 471 (1970).

Affirmed.