## HERBERT A. HORTON, APPELLANT, *v.* GENE PRINGLE, RESPONDENT.

No. 6777

June 20, 1972                    498 P.2d 372

*Leslie B. Gray,* of Reno, for Appellant.

*John M. Doyle,* of Winnemucca, for Respondent.

## OPINION

*Per Curiam:*

The appellant filed suit against the respondent alleging a default by respondent in a sales agreement and for damages in

the amount of $7,000. After service of process upon respondent and his failure to timely answer appellant took a default, and judgment was entered against respondent on March 5, 1971.

On March 26, 1971 respondent moved to set aside the default and default judgment. Attached to his motion was an affidavit containing factual assertions to show excusable neglect and the statement that respondent had been advised by counsel that he had a valid and substantial defense to the claim for relief asserted. Also attached to the motion was an answer generally denying appellant's claim.

On July 20, 1971 a hearing was held on the motion and argument was heard. The district court then entered its order setting aside the judgment. It is from that order setting aside the judgment that this appeal is taken.

The single issue presented for our review is whether the lower court abused its discretion in setting aside the default judgment. The respondent's motion was predicated upon NRCP 60(b)(1) which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

This court has repeatedly held that the determination of the existence of excusable neglect is a matter within the sound discretion of the district judge. Ogle v. Miller, 87 Nev. 573, 491 P.2d 40 (1971); Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970); Cicerchia v. Cicerchia, 77 Nev. 158, 360 P.2d 839 (1961). In the absence of a clear showing of abuse, the trial court's setting aside of a default judgment will not be disturbed upon appeal. Johnston, Inc. v. Weinstein, 88 Nev. 7, 492 P.2d 616 (1972); Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963). Upon review of the record, we cannot say that the district court abused its discretion.

Affirmed.