EDWARD C. HEARD, APPELLANT, v. FISHER'S AND COBB SALES AND DISTRIBUTORS, INC., DOING BUSINESS AS IDAHO SAFETY SALES, RESPONDENT.

No. 6828

October 30, 1972                    502 P.2d 104

*Lohse and Lohse, Chartered,* of Reno, for Appellant.

*Peter Chase Neumann,* of Reno, and *Vargas, Bartlett & Dixon,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

Respondent, plaintiff below, commenced this action on March 27, 1968 alleging breach of contract and misrepresentation. Appellant filed his answer on May 2, 1968 and on August 4, 1969 the case proceeded to trial and was heard by the court sitting without a jury.

At the conclusion of the testimony, on August 5, 1969, both

counsel were called into chambers. The court indicted its inclination to find in favor of respondent and it was agreed that the parties would attempt to reach a settlement of the case with a view toward avoiding the entry of judgment by the court. Thereupon, court was reconvened, both counsel formally waived oral argument, and the court took the case under submission.

The parties pursued settlement for over 10 months after the trial. Such negotiations, however, were not successful and judgment for respondent was finally entered on June 11, 1970.

Two months later, on August 11, 1970, appellant moved the trial court pursuant to NRCP 60(b) to enter its order granting relief from judgment on the ground of surprise. It is from the trial court's denial of that motion that this appeal is taken.

Motions under Rule 60(b) are addressed to the sound discretion of the trial court and the exercise of discretion by the trial court in granting or denying such motions is not to be disturbed on appeal absent an abuse of discretion. Ogle v. Miller, 87 Nev. 573, 491 P.2d 40 (1971); Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970); Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963); Blakeney v. Fremont Hotel Inc., 77 Nev. 191, 360 P.2d 1039 (1961); Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952).

We find no abuse of discretion. There was no agreement to withhold entry of judgment—only an agreement to negotiate in an attempt to reach a settlement. During the 10 months between the trial and the entry of judgment, appellant was put on notice a number of times that respondent was still pursuing judgment as an alternate method of relief should a satisfactory settlement agreement not be reached. Appellant was not prevented from presenting his defense and having a full trial on the merits, as was appellant in Voorhees v. Geiser-Hendryx Inv. Co., 52 Ore. 602, 98 P. 324 (1908), on which appellant relies. He was not the target of tactical surprise at trial. He was not deprived of the opportunity to make his closing oral argument, but instead voluntarily waived that right.

In summary, while it is true that NRCP 60(b) is a remedial statute which should be liberally construed, Wagner v. Anderson, 63 Nev. 453, 456, 174 P.2d 612, 614 (1946), we find no

injustice here which needs to be remedied by liberal interpretation. The facts of this case do not constitute that "surprise" which must be remedied by relief from judgment. Accordingly, the denial by the trial court of appellant's motion for relief from judgment is affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.