HELITZER ADVERTISING, INC., APPELLANT, *v.* SEVEN STAR MEDIA CORP., A CORPORATION, RESPONDENT.

No. 7022

September 28, 1973                    514 P.2d 214

*Wiener, Goldwater & Galatz, Ltd.,* and *J. Charles Thompson,* of Las Vegas, for Appellant.

*Galane, Tingey & Shearing,* of Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Helitzer Advertising, Inc., has appealed from an order of the district court setting aside a default judgment entered in Helitzer's favor against Seven Star Media Corp., the respondent.

Seven Star's motion was predicated upon NRCP 60(b)(1), which provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . ." In addition to showing excusable neglect, the movant must demonstrate that he has a meritorious defense to the action. Ogle v. Miller, 87 Nev. 573, 491 P.2d 40 (1971); Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970).

The determination of the existence of the necessary grounds for setting aside a default judgment rests within the sound discretion of the district judge, and in the absence of a clear showing of abuse, the trial court's setting aside of a default judgment will not be disturbed on appeal. Horton v. Pringle, 88 Nev. 358, 498 P.2d 372 (1972); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963).

We have reviewed the record below, and we find no abuse of discretion. Accordingly, we affirm the order of the district judge setting aside the default judgment.