138 Nev., Advance Opinion 38

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MAX VARGAS, INDIVIDUALLY,<br>Appellant,<br>vs.<br>J MORALES INC.,<br>Respondent. | No. 82218<br><br>**FILED**<br><br>JUN 02 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order setting aside a default judgment pursuant to NRCP 60(b)(1) and (6). Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Reversed and remanded.*

Peralta Law Group and Oscar Peralta, Las Vegas,
for Appellant.

Lewis Roca Rothgerber Christie LLP and Ogonna M. Brown and Adrienne R. Brantley-Lomeli, Las Vegas,
for Respondent.

_____

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

## OPINION

By the Court, HERNDON, J.:

NRCP 60(b) provides various grounds for relief from a final judgment, including mistake or excusable neglect, *see* NRCP 60(b)(1), newly discovered evidence, *see* NRCP 60(b)(2), fraud, *see* NRCP 60(b)(3), or "any other reason that justifies relief," *see* NRCP 60(b)(6). Any such relief must

22-17527

be sought within a "reasonable time" and, more specifically, when the relief is sought under NRCP 60(b)(1), (2), or (3), within 6 months after service of written notice of the judgment's entry. *See* NRCP 60(c)(1). Furthermore, NRAP 3A(b)(8) provides for appeals from "[a] special order entered after final judgment, excluding an order granting a motion to set aside a default judgment under NRCP 60(b)(1) when the motion was filed and served within 60 days after entry of the default judgment."

The instant appeal was taken from a district court order that granted a motion for relief from a default judgment under NRCP 60(b)(1) and (6), although the motion was filed over 14 months after service of written notice of entry of the default judgment.

In resolving this appeal, we address two separate issues. First, we clarify that, per NRAP 3A(b)(8), this court has appellate jurisdiction over orders granting NRCP 60(b)(1) relief when the motion is filed more than 60 days after entry of judgment. Second, we clarify that the "any other reason that justifies relief" provision under NRCP 60(b)(6) is mutually exclusive of the relief provided in NRCP 60(b)(1)-(5) and may not be used to circumvent the 6-month time constraints imposed under that rule. Applying these principles, we conclude that we have jurisdiction over this appeal but that the underlying NRCP 60(b)(1) motion was untimely because it was filed more than 6 months after written notice of the default judgment's entry was served. Furthermore, because the requested relief was based on allegations constituting only mistake or excusable neglect, which fall under NRCP 60(b)(1), relief under NRCP 60(b)(6) was not available. Thus, the district court abused its discretion in granting NRCP 60(b) relief. Accordingly, we reverse the district court's order and remand this matter for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Appellant Max Vargas filed a complaint alleging that he was attacked by security guards on a premises owned by respondent J Morales Inc. (JMI) and that JMI was negligent in its duty to maintain the premises in a reasonably safe condition. JMI was served with the complaint through its registered agent on February 16, 2018. It is undisputed that Jose Morales, the owner and sole corporate officer for JMI, received the complaint but did not follow up on it. Instead, he allegedly relied on the advice of his insurance agent, who told him he was not liable in the matter because he did not own the subject property at the time of the incident. On April 13, 2018, default was entered against JMI, and JMI was properly served with a copy of the notice of entry of default on April 17, 2018. Subsequently, a default judgment of over $1.7 million in compensatory and punitive damages was entered against JMI on July 25, 2019, and JMI was served with notice of entry of the default judgment on August 6, 2019. JMI, however, claims that it learned about the judgment in September 2020, when its bank account was garnished.

On October 26, 2020, over 14 months after entry of the default judgment, JMI filed a motion to set aside the judgment and stay execution on the grounds of mistake or excusable neglect under NRCP 60(b)(1) and "any other reason justifying relief" under NRCP 60(b)(6). The district court granted JMI's motion, finding sufficient grounds for relief under both NRCP 60(b)(1) and (6).

## DISCUSSION

*This court has jurisdiction over this appeal*

As a preliminary matter, JMI asserts that this court lacks appellate jurisdiction over this matter, pointing to *Estate of Adams v. Fallini*, 132 Nev. 814, 816, 386 P.3d 621, 623 (2016), which determined that

Supreme Court

OF

Nevada

(0) 1947A

3

an order granting relief from fraud upon the court under NRCP 60(b)(3) was not appealable. We take this opportunity to clarify that we have appellate jurisdiction over orders granting an NRCP 60(b)(1) motion that was filed more than 60 days after entry of a default judgment.

This court has jurisdiction to consider an appeal only when authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). NRAP 3A(b)(8) provides for appeals from "[a] special order entered after final judgment, *excluding* an order granting a motion to set aside a default judgment under NRCP 60(b)(1) when the motion was filed and served within 60 days after entry of the default judgment." (Emphasis added.) To be appealable, a special order entered after final judgment "must be an order affecting the rights of some party to the action, growing out of the judgment previously entered . . . affecting rights incorporated in the judgment." *Gumm v. Mainor*, 118 Nev. 912, 914, 59 P.3d 1220, 1221 (2002).

In 1978, NRAP 3A(b)[1] was amended to exclude orders granting NRCP 60(b)(1) motions made within 60 days after entry of a default judgment from the ambit of appealable special orders. Before then, this court regularly accepted appeals from orders setting aside judgments, implicitly treating such orders as special orders entered after a final judgment. *See, e.g., Helitzer Advert., Inc. v. Seven Star Media Corp.*, 89 Nev. 411, 412, 514 P.2d 214, 214 (1973) (appeal from order setting aside); *Johnston, Inc. v. Weinstein*, 88 Nev. 7, 9, 492 P.2d 616, 617 (1972) (same);

---

[1]Special orders after final judgment were formerly addressed under NRAP 3A(b)(2). The rule was renumbered as NRAP 3A(b)(8). *See Yonker Constr., Inc. v. Hulme*, 126 Nev. 590, 592, 248 P.3d 313, 314 (2010) (noting that NRAP 3A(b)(8) was formerly NRAP 3A(b)(2)).

*Blakeney v. Fremont Hotel, Inc.*, 77 Nev. 191, 193, 360 P.2d 1039, 1040 (1961) ("[A]ppeal is from the order setting aside the entry of default and the judgment."); *Cicerchia v. Cicerchia*, 77 Nev. 158, 159, 360 P.2d 839, 840 (1961) (same).

In 2004, we confirmed in *Lindblom v. Prime Hospital Corp.*, that "[a]n order setting aside a default judgment is appealable as a special order after judgment if the motion to set aside is made more than sixty days after entry of the judgment." 120 Nev. 372, 374 n.1, 90 P.3d 1283, 1284 n.1 (2004). Subsequently, in *Fallini*, we concluded that an order granting NRCP 60(b)(3) relief for *fraud upon the court* was interlocutory and not appealable, having merged with the final judgment. 132 Nev. 814, 816, 386 P.3d 621, 623 (2016) (emphasis added). More recently, in *Meisel v. Archstone Investment Partners, LP*, we cited NRAP 3A(b)(8) and *Lindblom* in concluding that this court had jurisdiction over an appeal from a district court order granting NRCP 60(b)(1) relief through a motion filed more than 6 months after the entry of judgment. *See* No. 68122, 2017 WL 4618618, at *1 n.1 (Nev. Oct. 13, 2017) (Order of Reversal and Remand).

While JMI contends that *Fallini* abrogated *Lindblom*, JMI overlooks the fact that *Fallini* dealt only with the narrow instance where the NRCP 60(b) motion was granted for fraud upon the court pursuant to NRCP 60(b)(3). That is not the issue presented here and was not the issue raised in *Lindblom* or *Meisel*. The sole issue here is this court's jurisdiction over NRCP 60(b)(1) orders. And we see no reason to depart from our previous decisions—*Lindblom* and *Meisel*—that specifically acknowledged our appellate jurisdiction over orders granting NRCP 60(b)(1) motions filed more than 60 days after the entry of judgment.

We now explicitly hold that all orders granting NRCP 60(b)(1) motions filed more than 60 days after entry of the judgment are appealable as special orders in accordance with *Lindblom*, *Meisel*, and the plain language of NRAP 3A(b)(8).[2] *See also Gumm*, 118 Nev. at 914, 59 P.3d at 1221. A contrary holding would render the 60-day exception in NRAP 3A(b)(8) meaningless. Moreover, Nevada has a long-standing history of treating orders granting NRCP 60(b)(1) motions as special orders after final judgment, *see generally Banks v. Heater*, 95 Nev. 610, 600 P.2d 245 (1979) (impliedly determining the court's jurisdiction by reviewing the district court's NRCP 60(b)(1) order); *Ogle v. Miller*, 87 Nev. 573, 491 P.2d 40 (1971) (same), and this court in *Fallini* seemingly did not intend to overturn this long-standing practice.

Here, the district court's order granted a motion to set aside the default judgment filed and served over 60 days after entry of the default judgment, thus falling outside the exclusion in NRAP 3A(b)(8). Thus, this

---

[2]We do not address our jurisdiction over orders granting relief under NRCP 60(b)(2)-(5) at this time, as that issue is not currently before the court. The court's jurisdiction over NRCP 60(b)(6) orders is also not at issue because, as discussed *post*, the underlying motion only supported a request for relief pursuant to NRCP 60(b)(1).

Likewise, we need not address our jurisdiction over orders granting NRCP 60(b) relief where the order has merged into the final judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) (noting that "a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment"); *see also Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (noting that this court may review an interlocutory order in the context of an appeal from a final judgment).

court is authorized to consider Vargas's challenge to the order, and we must now turn to the merits of Vargas's appeal.

*The district court abused its discretion in granting NRCP 60(b) relief*

The district court has wide discretion to grant or deny a motion to set aside a judgment under NRCP 60(b), and its determination will not be disturbed on appeal absent an abuse of that discretion. *See Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996). A district court may abuse its discretion in ruling on an NRCP 60(b)(1) motion if it disregards legal principles. *Willard*, 136 Nev. at 469, 469 P.3d at 179.

*JMI's NRCP 60(b)(1) motion was untimely*

Generally, an aggrieved party must seek relief under NRCP 60(b) "within a reasonable time." NRCP 60(c)(1). However, a motion seeking relief under NRCP 60(b)(1) *must be filed within 6 months* of service of written notice of entry of the judgment. NRCP 60(c)(1); *see also Doan v. Wilkerson*, 130 Nev. 449, 454, 327 P.3d 498, 501 (2014) (providing that any NRCP 60(b)(1) motion filed outside of 6 months is untimely and must be denied), *superseded by statute on other grounds as recognized in Kilgore v. Kilgore*, 135 Nev. 357, 449 P.3d 843 (2019).

Here, JMI filed its motion to set aside the default judgment on October 27, 2020. This was more than 14 months after the notice of the entry of default judgment was served on August 6, 2019. Thus, because JMI filed its motion beyond the 6-month time limit, the district court abused its discretion in granting NRCP 60(b)(1) relief.

*NRCP 60(b)(6) relief was unavailable*

NRCP 60(b)(6) was added as part of the 2019 amendments to Rule 60 and permits a judgment to be set aside for "any other reason that justifies relief." The purpose of these amendments was to "generally conform [NRCP] 60 to FRCP 60, including incorporating FRCP 60(b)(6) as

[NRCP] 60(b)(6)." NRCP 60, Advisory Committee Note—2019 Amendment. Because we have not yet had an opportunity to consider NRCP 60(b)(6), which is identical to its federal analog, we look to federal cases for guidance. *See McClendon v. Collins*, 132 Nev. 327, 330, 372 P.3d 492, 494 (2016) (noting that the "[f]ederal cases interpreting the Federal Rules of Civil Procedure are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts" (internal quotations omitted)); *see also Byrd v. Byrd*, 137 Nev., Adv. Op. 60, 501 P.3d 458, 462-63 (Ct. App. 2021) (finding NRCP 60(b)(6) relief was unavailable where relief sounded in NRCP 60(b)(1) or NRCP (b)(3)).

The United States Supreme Court has stated that FRCP 60(b)(6) relief is available only under "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). FRCP 60(b)(6) was enacted to go *beyond* the grounds for relief previously provided where justice so requires. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2864 (3d ed. 2012). Implicitly, this means a party cannot utilize FRCP 60(b)(6) for the relief provided by FRCP 60(b)(1)-(5). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (explaining that FRCP 60(b)(6) and the other subsections of FRCP 60(b) provide mutually exclusive grounds for relief); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) ("clause (6) and clauses (1) through (5) are mutually exclusive"); *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) ("[I]f a motion was of a type that must be brought within a year, and that year passed without filing, the movant cannot resort to Rule 60(b)(6); rather, it finds . . . itself without Rule 60(b) remedy altogether."); *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088 (9th Cir. 2001) (time bar could not be avoided to pursue remedy

SUPREME COURT
OF
NEVADA

(O) 1947A

under Rule 60(b)(6) where relief under other provisions of Rule 60(b) was available, but not timely sought). As these authorities are sound, we see no reason to depart from the federal interpretation of FRCP 60(b)(6). Thus, we hold that relief may not be sought under NRCP 60(b)(6) when it would have been available under NRCP 60(b)(1)-(5). *See Byrd,* 137 Nev., Adv. Op. 60, 501 P.3d 458, 462-63.

In this case, the relief JMI requested would have fallen under NRCP 60(b)(1) had it been timely sought.[3] The district court recognized two bases for NRCP 60(b) relief: (1) Morales allegedly relied on the advice of his insurance agent, who told him that he would not face liability related to this matter because he did not own the subject property at the time of the underlying incident, and (2) Morales lacks knowledge of the procedural rules and has a significant language barrier. These bases for NRCP 60(b) relief would be available under NRCP 60(b)(1) as mistake or excusable neglect. Thus, the district court abused its discretion when it granted relief for "any other reason" under NRCP 60(b)(6), as JMI's grounds for seeking relief were available to it under NRCP 60(b)(1) but JMI failed to timely file an NRCP 60(b)(1) motion.[4]

## CONCLUSION

First, we clarify that NRAP 3A(b)(8) provides this court with appellate jurisdiction over orders granting NRCP 60(b)(1) relief when the motion is filed more than 60 days after the judgment. Second, we adopt the

---

[3]NRCP 60(b)(1) provides that a district "court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on a finding of "mistake, inadvertence, surprise, or excusable neglect."

[4]To the extent Vargas challenges the timeliness of JMI's NRCP 60(b)(6) motion, we need not reach this issue because the motion was not properly seeking relief under NRCP 60(b)(6).

federal approach and conclude that NRCP 60(b)(6)'s "any other reason justifying relief" provision is mutually exclusive with the provisions outlined in NRCP 60(b)(1)-(5). Importantly, NRCP 60(b)(6) may not be used as a subterfuge to circumvent the time limits that apply to a request for relief based on NRCP 60(b)(1). Accordingly, we conclude that the district court abused its discretion when granting JMI relief, and we reverse the district court's order and remand this matter for proceedings consistent with this opinion.

_____, J.
Herndon

We concur:

_____, J.
Hardesty

_____, J.
Stiglich