M–R SIGN COMPANY, INC., a MINNESOTA CORPORATION, APPELLANT, v. HOLLIS N. AVERY, RESPONDENT.

No. 6739

May 5, 1972                                        496 P.2d 756

---

*Emilie N. Wanderer,* of Las Vegas, for Appellant.

*Monte J. Morris,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On February 16, 1971, appellant filed an action against respondent to recover $1,370.21 allegedly due on a promissory note. The respondent failed to timely answer after he had been served with process, and a default judgment was entered on April 7, 1971.

After appellant had begun proceedings to enforce the judgment, respondent moved to set it aside on May 5, 1971. It was asserted by respondent, in an affidavit attached to the motion, that he had relied upon statements of his Minnesota counsel that the matter would be resolved in Minnesota and that an answer had already been filed there. In the body of respondent's motion it was alleged that a third party had assumed respondent's liability to appellant.

When respondent's motion came on for a hearing, copies of several documents allegedly served on appellant in Minnesota had not been received by respondent's local counsel, and the district court therefore granted respondent an additional ten days in which to file these documents. After these documents had been received and a hearing held, the district court determined that respondent had established the requisite elements of excusable neglect and a meritorious defense necessary

to support his motion, and therefore an order vacating the default judgment was entered. It is from this order setting aside the default judgment that this appeal is taken.

In order for a movant to have a default judgment set aside he must show mistake, inadvertence, surprise or excusable neglect [NRCP 60(b)] and the existence of a meritorious defense to the action. Johnston, Inc. v. Weinstein, 88 Nev. 7, 492 P.2d 616 (1972); Minton v. Roliff, 86 Nev. 478, 471 P.2d 209 (1970); Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963). The district court found excusable neglect in the instant action as respondent, after being served with a copy of appellant's complaint, forwarded the pleading to his counsel in Minnesota and relied upon the representations of that counsel that the matter properly belonged before the Minnesota courts and would be disposed of there. The respondent, in failing to file a responsive pleading, had no intent to delay the proceedings. He was unfamiliar with the procedural aspects of a lawsuit and he relied upon representations of his counsel in Minnesota. There were allegations in respondent's motion to set aside the default judgment, regarding shifting of a liability on the note, which, if proven, would tend to establish a defense to the action. The record contains sufficient evidence upon which the district court could base its findings of excusable neglect and a meritorious defense. There being no showing of a clear abuse of discretion by the court below, its judgment is affirmed. Johnston, Inc. v. Weinstein, supra; Minton v. Roliff, supra; Hotel Last Frontier v. Frontier Prop., supra.